PARSLOW *v.* CHAPIN.

SALES—FRAUD—EVIDENCE—BURDEN OF PROOF.
In action for return of money paid under alleged false representations in sale of gasoline filling station, finding of trial court that plaintiffs had not sustained burden of proof of fraud, *held,* justified by evidence.

Error to Wayne; Dingeman (Harry), J. Submitted October 7, 1930. (Docket No. 20, Calendar No. 35,064.) Decided December 2, 1930.

Case by William J. Parslow and another against Donald M. Chapin for return of money paid under

alleged false representations in sale of gasoline filling station. From judgment for defendant, plaintiffs bring error. Affirmed.

*Leo Hartford,* for plaintiffs.

*Clyde V. Nutten,* for defendant.

McDONALD, J. Claiming fraud on the part of the defendant, the plaintiffs rescinded a contract for the purchase of a gasoline station in the city of Detroit, Michigan, and brought this suit to recover the amount paid thereon. The consideration was $3,500, of which $1,000 was paid in cash and notes given for the balance. The fraud alleged was in falsely representing that the station was selling an average of 11,000 gallons of gasoline per month, and that the defendant had made a nice profit during the seven months that he had operated it. The plaintiffs took possession, and, after operating the business for five weeks, turned it back to the defendant and demanded a return of the money paid. The defendant refused, and this suit was brought. The trial was before the court without a jury. He filed findings of fact and of law and entered a judgment of no cause of action. The plaintiffs have brought error.

The plaintiff, William J. Parslow, was not called as a witness. Mrs. Parslow testified to the representations as alleged, that she relied on them, and that they were false. Her testimony was flatly contradicted by defendant and Mr. Ray who had previously owned and operated the station and who was present when the sale was made to the plaintiffs. They testified they made a profit from the business during the operation of it, that they gave her an estimate of

the sales, which they thought averaged about 8,000 gallons per month, but referred her to the White Star Refining Company where she could get the exact figures. On this testimony, the court found that the plaintiffs had not sustained the burden of proof as to fraud. His findings are sustained by the clear weight of the evidence.

The judgment is affirmed, with costs to the defendant.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.